Bax v InterEnergy Holdings (2023 NY Slip Op 01045)

Bax v InterEnergy Holdings

2023 NY Slip Op 01045

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 650499/18 Appeal No. 17394 Case No. 2022-00107 

[*1]Michael Bax, Plaintiff-Respondent,
v
InterEnergy Holdings, Defendant-Appellant.

Morgan, Lewis & Bockius LLP, New York (August W. Heckman, III of counsel), for appellant.
Glancy Prongay & Murray LLP, New York (Gregory B. Linkh of counsel), and Fasano Law Firm, PLLC, Miami, Florida (Michael C. Fasano of the bar of the State of Florida, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 9, 2021, which denied defendant's motion for summary judgment dismissing the complaint and on its first counterclaim for breach of fiduciary duty/duty of loyalty, unanimously modified, on the law, to grant defendant's motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Following plaintiff's departure from his employment with defendant, defendant terminated his vested stock options, claiming, among other things, that plaintiff had violated the stock option plan's nondisclosure covenant, which prohibited the "unauthorized disclosure of confidential information relating to the Company." While the stock option plan does not specifically define what constitutes "confidential information relating to the Company," we find that it unambiguously includes, as the record conclusively establishes occurred here, plaintiff's unauthorized disclosure to a third party of a memorandum he obtained in his employment capacity with defendant. The memorandum was provided to defendant, as a potential deal partner, by another party pursuant to a nondisclosure agreement and deemed by that party as containing confidential information concerning the development of a project, the disclosure of which revealed defendant's interest in and the details concerning an investment opportunity (see e.g. Schanfield v Sojitz Corp. , 663 F Supp 2d 305, 311, 345 [SD NY 2009]). No material issues of fact remain on this point to warrant denial of defendant's motion for summary judgment dismissing the complaint, which contains a sole remaining cause of action alleging that defendant committed a breach of contract by terminating the vested options.
Given this finding of a violation of the nondisclosure covenant that entitled defendant to terminate plaintiff's vested stock options, we need not, and decline to, address defendant's other claimed bases for terminating the options, including its claim that plaintiff violated other restrictive covenants in the stock option plan.
The court, however, correctly denied defendant's motion for summary judgment on its first counterclaim alleging plaintiff's breach of the fiduciary duty of loyalty under the faithless servant doctrine, as material issues of fact exist concerning whether plaintiff engaged in disloyal conduct sufficient to warrant the disgorgement of his salary.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023